IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                    Plaintiff,

  v.                                           OPINION and ORDER

KEVIN A. CARR and TONY EVERS,                  23-cv-399-jdp

                    Defendants.

---

Plaintiff Willie Simpson, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. Simpson filed this lawsuit in the circuit court for Dane County, Wisconsin, alleging multiple types of constitutional violations by prison or other state officials. Defendants removed the case to this court and paid the filing fee.

Because Simpson is a prisoner, the next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Simpson is a pro se litigant, I must read his allegations generously. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

In screening the complaint, I conclude that Simpson's allegations do not all belong together in the same lawsuit, and that he has not named the correct parties as defendants for each of his claims. I will dismiss his complaint.

District courts have an independent duty to apply Federal Rule of Civil Procedure 20 to prevent improperly joined parties from proceeding in a single case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants should be rejected by district court under Rule 20). Rule 20 prohibits a plaintiff from asserting

unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim for relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George*, 507 F.3d at 607.

Simpson's complaint does not join *defendants* who cannot be joined in one lawsuit, because he names only Wisconsin governor Tony Evers and Department of Corrections Secretary Kevin Carr as defendants. But Simpson complains about a wide variety of unrelated constitutional violations, including his medical treatment, conditions of confinement, various restrictions, and the validity of his current sentence. And Evers and Carr are not the appropriate defendants for most of these claims. Ordinarily, high-level officials like Evers and Carr cannot be held personally responsible for day-to-day conditions of Simpson's confinement. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Simpson conclusorily alleges that Carr has coordinated prison officials' actions regarding most of these claims, but those allegations are far too vague to support claims of a massive conspiracy to violate his rights. Simpson describes multiple different problems, all of which are likely to have been caused by separate groups of prison officials. That means that Simpson's current complaint really contains multiple separate lawsuits.

I will dismiss Simpson's complaint under Federal Rule of Civil Procedure 20. But I will give him a short time to submit an amended complaint that is limited to claims about a single set of transactions or occurrences. Simpson should make sure to name as defendants the prison officials personally involved in violating his rights.

Should Simpson submit a complaint that complies with Rule 20, I will screen that complaint. I will also consider how the case should proceed given that Simpson is still subject to the terms of a filing bar issued by the court of appeals: he cannot file papers in this court except criminal-case motions and habeas petitions unless he pays off a $1,000 fine. *See* Dkt. 80 in Case No. 18-cv-467-jdp.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED under Federal Rule of Civil Procedure 20.

2. Plaintiff may have until July 12, 2023, to submit an amended complaint complying with this order.

Entered June 21, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge