IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                            Plaintiff,

  v.                                                       OPINION and ORDER

KEVIN A. CARR and TONY EVERS,                        23-cv-399-jdp

                           Defendants.

---

Plaintiff Willie Simpson, without counsel, filed this lawsuit in the circuit court for Dane County, Wisconsin, alleging multiple types of constitutional violations by prison or other state officials and challenging the validity of his current sentences and eligibility for parole. Defendants removed the case to this court. In my most recent order, I dismissed Simpson's amended complaint for violating Federal Rule of Civil Procedure 20 by raising claims about a wide variety of unrelated constitutional violations, including his medical treatment, conditions of confinement, various restrictions, and the validity of his current sentences. Dkt. 6. I gave Simpson a final chance to submit a complaint limiting his claims to a single set of transactions or occurrences and naming as defendants the prison officials personally involved in violating his rights. *Id.* I warned Simpson that he should not include his claims challenging his sentences or parole eligibility because they have previously been dismissed as frivolous by both state and federal courts. *Id.*

Simpson has responded by filing an amended complaint again challenging his sentences and parole eligibility. Those claims are frivolous, so I will dismiss this lawsuit. *See State v. Simpson,* 2023 WI App 11, 2023 WL 139427 ("As the State accurately describes, Simpson's post-TIS sentences have not extended any parole eligibility or mandatory release date for his

pre-TIS sentences, and Simpson remains entitled to parole eligibility and to be released as originally established under his pre-TIS sentences."), *review denied*, 2023 WI 72, 2023 WL 6884692; *Simpson v. Evers*, No. 18-cv-467-jdp, 2020 WL 7064516, at *1 (W.D. Wis. Aug. 28, 2020) (dismissing claims that implementation of truth-in-sentencing caused prison officials to refuse to release Simpson at his mandatory release date for his New Law convictions or that it eliminated his right to parole hearings after one-fourth of his New Law sentence time), *aff'd sub nom. Simpson v. Litscher*, No. 20-3293, 2021 WL 2206439 (7th Cir. Mar. 19, 2021) (sanctioning Simpson for making repeated frivolous challenges to his sentences).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered May 1, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge